### WILLIAM HIGGINBOTHAM v. THE STATE.

In examining an objection, that the facts do not warrant a conviction, the charge, though not excepted to at the trial, may be considered, to determine if the verdict can be sustained.

The act of taking a gun from the rack, with the intention of making an immediate battery with it, if such intention could have been carried into immediate effect, (had not others prevented,) is an assault.

The law has not established any stage in the series of acts, that may be performed in attempting to commit a battery, as constituting the offence punished by Article 475 of the Penal Code.

APPEAL from Rusk. Tried below before the Hon. Charles A. Frazer. The facts are sufficiently apparent from the opinion.

*John C. Robertson* and *Henry Wallace*, for the appellant.

*Attorney-General*, for the appellee.

ROBERTS, J.—The defendant was found guilty of an aggravated assault. The grounds of error relied on, are:—1st. The court erred in the charge to the jury. 2d. The jury found the defendant guilty, contrary to the evidence. The portion of the charge objected to, is in relation to the attempt to shoot.

The code provides, that " any attempt to commit a battery,

or any threatening gesture, showing in itself, or by words ac-
companying it, an immediate intention, coupled with an ability,
to commit a battery, is an assault.   (Art. 475.)

In the application of this definition to the facts of the case,
the court instructed the jury, that "to constitute the attempt
to shoot, besides the intention to shoot, there must have been
some act done to carry the intention into execution, besides
taking the gun into his hands; unless taking the gun was an
act in the execution of the intention to shoot.   The degree of
progress made in the execution to shoot, is immaterial, if he was
prevented from carrying his intention into execution."

This charge has direct application to the evidence, and if it
be not correct, the facts are not sufficient to convict the defen-
dant of the offence; and although there was no exception to the
charge at the trial, as required by the Code of Criminal Pro-
cedure, (Art. 602,) it becomes necessary to examine it upon the
objection, that the facts did not warrant a conviction, as it em-
bodies a view of the law, under which the verdict can be sustained.

It is agreed by all the witnesses, that upon the occurrence of
the altercation between defendant and Bennett, he, defendant,
got up from his seat, took the gun down from the rack, and that
one of the witnesses immediately, and before he turned around
with it, seized hold of him, and prevented him from any further
use of it.   The question is, whether the mere act of getting the
gun down, (its further use by him being prevented by another,) can
be such an act, as will amount to an attempt to commit a battery,
or must there necessarily be some further act, after getting pos-
session of the gun; as pointing it, cocking it, or the like.   We
think, that in reference to the facts of this case, the charge of
the judge, on this question, is an admirable one; distinguished
alike for its correctness, as a legal proposition, and the per-
spicuous accuracy with which it is so happily expressed.

It was the object of the charge, to impart a clear idea of the
character of the *act*, which when co-existing with the *intention*,
would be an attempt.   This was evidently the only point of
controversy, upon which light was needed.   For the parties

being in the same house, there was no question about defendant's being near enough to make the battery with the gun; nor could there be any question, but that the gun was intended to be used immediately, (then, and not an hour, or a day afterwards;) either aggressively, or in defence, and as the jury believed, from the evidence, aggressively; so that the ability of the defendant to inflict injury with the gun, in reference to distance, and the time when the gun was to be used, were not matters about which there was, or from the evidence, could be, any controversy; and therefore, the charge did not refer to them; nor was it necessary so to do. The law has not established, as a criterion in determinining an attempt, that the gun must be presented, or aimed, or the lock pulled back, or triggers of a rifle sprung, or any other stage in the series of acts, that may be performed in committing an assault. It is sufficient, that there be an act done, indicating an intention to commit a battery immediately, coupled with the ability to do it. This, of course, must not be an act of preparation for some attack in an intended difficulty, not then pending in fact.

Upon the question of his having acted in self-defence, in getting the gun, the evidence is conflicting. There was sufficient evidence on the part of the state, to authorise the verdict. There was also sufficient, on the side of the defendant, to have justified an acquittal. It is, therefore, a proper case to be left as the jury have determined it, in weighing the evidence.

We are not of opinion, that it was error for the jury, to find, that the act of getting the gun, under the circumstances, amounted to an assault.

Judgment affirmed.