Robebts, J.
—The facts in proof made out a clear case of aggravated assault and battery. There is no conflict in the evidence, no impeachment of the witnesses, and nothing in the case tending to cast any doubt upon the guilt of the defendent as charged.
The court delivered to the jury a charge appropriate in the ease as one of aggravated assault, but declined to give any instructions in relation to the penalty which the jury might impose, in the event they found defendant guilty of a simple assault and battery. The only part of the charge which it is necessary to notice is as follows, to wit: “If you, from the evidence before you, believe that the defendant is guilty as charged in the indictment, you will find him guilty, and assess his fine in any sum not less than $100 nor more than $1,000.”
The. charge in the indictment being for an aggravated assault, the jury were bound under this charge of the court *232 to be satisfied that the facts proved made out an aggravated assault before they could find him guilty at all. This may have required too much of the State to secure a conviction of some sort upon this indictment. The State did not, however, complain of this; and the question now is, has the defendant a right to complain that the court did not give a charge to the jury which would permit them to find him guilty of a less offense, if they did not believe him guilty of the one charged in the indictment, to wit, an aggravated assault? That is the substance of the charge asked by the defendant and refused by the court. Its refusal did not authorize the jury to find the defendant guilty of an aggravated assault upon evidence less complete and satisfactory than that which would make out an aggravated assault, and therefore could work no legal injury upon the defendant. It could be no advantage tollina, except upon one supposition: which was, that the jury might possibly compromise the case as to the punishment, whatever they might believe as to the exact character of the offense proved; which is a supposition that a party has no legal right to induce a court to act upon.
Though the charge asked may well have been given to the jury, we cannot say that the court erred in declining to give it as presented. (O’Connell v. The State, 18 Tex., 343; Stearnes v. The State, 21 Tex., 692; 2 Comst., 193, 202 203)
Judgment affirmed.