### JOHN G. BELL v. THE STATE.

The appellant was indicted for assault. It was proved that his drawing his gun on the person assaulted was accompanied with the declaration that he would shoot if that person drew a weapon: *Held*, that the court ought to have expounded to the jury the law of self-defense under such circumstances. (Paschal's Dig., Art. 2137, Note 660.)

Acts which, unexplained, may be, *prima facie*, assaults, like other acts, which are not unequivocal in their character, may be shown to be in truth differ-

ent from what they purport to be; that they are not attempts or offers to do harm, but merely annoying gestures, without any accompanying purpose of mischief. So they may be shown to be merely reasonable preparations to repel anticipated violence.

APPEAL from Austin.

Nothing but a copy of the opinion has been furnished to the *Reporter*.

BELL, J.—The counsel for the defendant in the court below asked the judge to instruct the jury as follows: "If the jury believe that the declarations of Bell, made at the time of the alleged assault, explained his intention, and that he did not intend to commit any assault unless Mills drew a weapon, they will find for the defendant."

The court refused to give this instruction to the jury. The instruction is not couched in the happiest terms that might be employed to convey the idea contained in it, but we are of opinion that it presented a legal proposition pertinent to the case before the jury, and not contained in the charge given by the court. It is true that the charge given very nearly presented the law of the case, but did not quite do so in such terms as would be easily understood by the jury. There was a conflict in the statement of the witnesses. Some of them said that Bell raised his gun (a shot-gun) and said to Mills, the person upon whom the assault is said to have been made, "If you move, I will send you to hell in a second."

Other witnesses stated that, when Bell raised his gun, he said to Mills, "If you draw a weapon on me, I will send you to hell in a second."

Some of the witnesses also testified that, when Bell raised the gun and made the declaration last quoted, Mills had already made a movement which might have been understood by Bell as signifying an intention to draw a weapon. One witness also stated that Mills also said to Bell, "I have

no weapons," and that thereupon Bell put down his gun, saying, "If you have not, I have no more to say."

This testimony presented a case in which it became the duty of the presiding judge to state clearly to the jury the distinction which the law recognizes as applicable to acts which constitute an assault, when unexplained, and which do not amount to an assault, when accompanied by such explanations as show that the person acting did not intend to make an assault. For example: If A, without any act on the part of B which puts A in jeopardy, should present a pistol to the breast of B and say to him, "If you attempt to move, I will shoot you down:" this is clearly an assault on the part of A. But if A and B quarrel, and B makes as if he would draw a weapon, and A draws first, and says, "If you draw a weapon on me, I will kill you," this is not an assault on the part of A, provided he do nothing further showing an intention to harm or insult B. On the other hand, if A and B have words together, and, without any act on the part of B which signifies an intention to draw a weapon, or to do any harm to A, A should draw a weapon in an insulting manner and say to B, "If you attempt to draw a weapon on me, I will kill you," this would amount to an assault on the part of A, because the circumstances do not warrant any such violence. And so, a man may be guilty of an assault, even when he announces that he has no intention to do immediate injury.

If A should meet B in the street, and should draw a weapon and say to him, "I will shoot you if you do not make an apology to me; I will give you five minutes by my watch to make the apology:" this is clearly an assault, because it is "in part execution of a purpose of violence" which it is the intention of A to carry into effect, unless B shall comply with a condition which he (A) chooses to impose. "Acts," said GASTON, J., in the case of The State v. Morgan, (3 Ired., 186,) "which, *prima facie* and unexplained, are undoubtedly assaults, like other acts

which are not unequivocal in their character, may be shown to be in truth different from what they purport to be; that they are not attempts or offers to do harm, but merely annoying gestures, without any accompanying purpose of mischief. So, they may be shown to be merely reasonable preparations to repel anticipated violence." In all such cases, the true inquiry for the jury is, whether, at the time the acts in question were done, there was a present purpose of doing harm. If there was such a purpose, then the acts amount to an assault. If there was not such present purpose to do harm, then the acts do not amount to an assault. (The State v. Morgan, 3 Ired., 186, opinion by Judge GASTON.)

We are of opinion that, in the case now before us, the jury was not instructed with sufficient accuracy as to the legal effect to be given to the acts of the appellant, Bell, under the circumstances of the case. The judgment of the court below is reversed, and the cause

REMANDED.