## J. C. MOORING v. THE STATE.

PRACTICE.—In misdemeanors the defendant *must* except to the charge of the court at the time, and must ask additional instructions he may desire, and, unless he does so in the court below, such action will not be revised.

AGGRAVATED ASSAULT.—See facts held sufficient to authorize a conviction for aggravated assault.

APPEAL from Raines. Tried below before the Hon. Z. Norton.

J. E. Mooring was indicted for an aggravated assault upon Peter Bullard "with a certain knife, the same being a deadly weapon."

The testimony adduced on the trial sufficiently appears in the opinion.

The court gave in charge the statutory definition of an assault, and the law as to aggravated assault charged in

the indictment: that it devolved upon the State to prove the material facts, presumption of innocence, reasonable doubt, and as to punishment. Defendant asked no instructions.

Defendant was convicted of aggravated assault. His motion for new trial was overruled, and appeal taken.

*G. W. Smith*, for State.

REEVES, ASSOCIATE JUSTICE.—Appellant objects to the charge of the court, because the jury were not instructed upon the law of self-defense and as to the punishment for a simple assault. It is further objected that the court failed to instruct the jury as to the distinction between acts which constitute an assault, when unexplained, and acts which do not amount to an assault, when accompanied by such explanations as show no intention to commit an assault.

The court instructed the jury as to what acts constitute an assault and battery, and the distinction between these offenses, as defined in the Criminal Code, and when an assault becomes aggravated; and with reference to the case before the jury, they were charged that an assault becomes aggravated when committed with deadly weapons, under circumstances not amounting to an intent to murder or maim, &c. It is not objected that the charge is not correct, so far as it goes, but that it does not go far enough, and fails to present to the jury the law in another phase, and which it was conceived was applicable to the case. The rule is well settled in such cases. In misdemeanors the defendant must except to the action of the court at the time of the trial, if he is not satisfied, and if not excepted to, it will not be revised by this court, as regards objections of the character complained of in this case. If the law as applicable to the case is given in the charge to the jury, and further instructions are desired, the court must be asked to give them at the time of the trial. (Criminal

Procedure, arts. 3059–3067.) We are of opinion that there is no departure from the requirements of these articles. The indictment charges that the assault was made with a deadly weapon, a knife, with which the indictment charges that the defendant attempted to cut, stab, and strike Bullard, with intent to injure him, and, in view of the evidence, the court did not err in confining the charge to the jury to an aggravated assault. (O'Connell *v.* The State, 18 Tex., 343; Jackson *v.* The State, 25 Tex. Supp., 229.)

There is some conflict in the evidence as to what occurred between defendant and Bullard, the party assaulted. The defendant, as proved by Bullard, said "I will cut your G—d d—n throat." Maloney's statement is, "If you don't go away from here and let me alone, I will cut your throat." The witness McKey heard defendant say, "I will cut your d—n throat." There is nothing in this case that calls for the application of the law of self-defense. The witnesses agree in the statement that the defendant turned his back to Bullard, opened his knife, and turned to him again and made the threat to cut his throat. Bullard had expressed a desire for a peaceable settlement of their differences, and it was not necessary for the defendant to use violence to protect himself from threatened injury. It appears from the evidence that he intended at the time to commit a battery, and that he had the ability to commit it, and, unexplained by further proof, it was a question for the jury whether the defendant was or not prevented from carrying his intention into execution. (Higginbotham *v.* The State, 23 Tex., 574; Bell *v.* The State, 29 Tex., 492.)

Finding no error in the charge of the court nor in the verdict of the jury, the judgment is affirmed.

AFFIRMED.