## CLAIBORNE JOHNSON v. THE STATE.

ASSAULT.—In every assault there must be an intention to injure, coupled with an act which must at least be the beginning of the attempt to injure then, and not an act of preparation for some contemplated injury that may afterwards be inflicted.

APPEAL from Rusk.    Tried below before the Hon. M. H. Bonner.

Claiborne Johnson was indicted for an assault with intent to kill and murder one William Ross.    Ross testified that while he was plowing in his field Johnson, who was in the road outside of the field, addressed him, saying, "Come and take a drink with me," to which Ross made no answer.    Thereupon Johnson dismounted from his horse, saying: "I will make you notice me or I will kill you," and started toward Ross with a gun in his hand, but though in shooting distance, there was no evidence that he held his gun in position to shoot or attempted to shoot.    When Johnson had approached to within twenty yards of Ross the latter started to his house, where he was reinforced by his brother-in-law and sister, all of whom, after arming themselves with guns, returned to where Johnson was, who thereupon left the place.    Verdict, guilty of aggravated assault, and fine of one hundred dollars.    Judgment accordingly, from which Johnson appealed.

*Drury Field,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The only ground of objection

taken to the conviction in the motion for a new trial which it is necessary to pass upon is, that "the jury found the defendant guilty without and against evidence."

The evidence on the trial, as contained in the statement of facts, is entirely deficient in showing any distinct act on the part of the defendant indicating an effort then to shoot William Ross, or otherwise use the gun which he held in his hands in such manner as to inflict violence upon his person.

In every assault there must be an intention to injure, coupled with an act which must at least be the beginning of the attempt to injure then, and not an act of preparation for some contemplated injury that may afterwards be inflicted. (Higginbothem *v.* The State, 23 Tex., 574.)

Judgment reversed and cause remanded.

REVERSED AND REMANDED.