## W. L. BROWNING v. THE STATE.

1. CHARGE OF THE COURT.—In revising a charge given to the jury by the court below, it is to be construed as an entirety, and in view of the facts in evidence.

2. IN MISDEMEANOR CASES exceptions must be reserved to the rulings during the trial, or to the charge when delivered: otherwise, they will not be revised by this court. Cr. Pro., Art. 602; Pasc. Dig., Art. 3067.

APPEAL from the District Court of Shackleford. Tried below before the Hon. J. P. OSTERHOUT.

No brief for the appellant.

*H. H. Boone*, Attorney General, for the State.

ECTOR, Presiding Judge. The defendant was indicted, on 11th of June, 1875, for an assault with intent to murder. The charging part of the indictment is as follows: "That W. L. Browning, in the county of Shackleford, in said state of Texas, on the twentieth day of July, Anno Domini one thousand eight hundred and seventy-four, then and there, in and upon the bodies of John Jackson and Elizabeth Carter, willfully, feloniously, and of his malice aforethought, did make an assault, with the intent of him, the said W. L. Browning, then and there, willfully, feloniously, and of his malice aforethought, the said John Jackson and Elizabeth Carter then and there to kill and murder, contrary to law, and against the peace and dignity of the state." The defendant was convicted by the jury of an aggravated assault, and fined $100. He made a motion for new trial for the following reasons, to wit:

"1st. Because the verdict of the jury is contrary to the law and the evidence.

"2d. The court erred in not charging and explaining to the jury the difference of degrees of offenses included in the offense of an assault with intent to kill and murder.

" 3d. Because the verdict is unsupported by the pleadings and evidence in the case.

" 4th. Because the jury was misled by the instructions given to the jury."

The court below overruled the motion for new trial. The defendant has filed no brief. There is no assignment of errors nor bill of exceptions in the record. The charge of the court substantially, we believe, embraces the law applicable to the case. The evidence is somewhat conflicting as to who made the assault; a majority of the witnesses testify that the defendant did, and there is an abundance of evidence to support the verdict.

The only question about which there could be any doubt is the 2d ground in defendant's motion for a new trial, namely: Did the court err in not explaining to the jury the difference of the degrees of offenses included in the indictment? To determine this question the whole charge should be taken together, and be construed with reference to the facts; and, under the facts in proof, it certainly did not mislead the jury, and, taken as whole, sufficiently instructed the jury. The charge of the court as to an assault with intent to murder was correct.

In this case it was a material question to determine who made the assault. The testimony, as shown by the record, is that Mrs. Elizabeth Carter and her brother, John Jackson, were living together; that the defendant, in company with George Snider, came to the house of Mrs. Carter. Defendant had belted around him a six-shooter pistol. After sitting awhile and eating water-melons, Jackson asked defendant why he had marked his yearling. Defendant denied it; some words passed, and a difficulty ensued.

Two of the witnesses for the state testified that the defendant started to draw his pistol, when Jackson got hold of a spade, struck defendant with it, and then ran in the house. That defendant, as he ran in, shot at him, the ball

7

passing so near Mrs. Carter's face as to leave a red mark. Defendant then went around the house, and again shot into the house, etc.

The court then, at some length, proceeded to instruct the jury what it took to constitute an assault, and what progress necessary; that if they believed from the evidence that defendant first attempted to draw his pistol, with the intent to shoot Jackson, Jackson was not required by the law to wait for the defendant to shoot him, but he had a right to use the means at his command to defend himself, etc.

The court then proceeded to charge, on an aggravated assault, as follows, to wit:

"If the jury find from the evidence that, under the foregoing instructions, defendant is guilty of an offense, then, if the jury find that the assault was committed with a pistol, but that there was no premeditated design on the part of Browning to take the life of Jackson or Mrs. Carter, then the jury will find the defendant guilty of an aggravated assault, and assess his punishment at a fine of not less than $100 nor more than $1,000, and may, in addition, assess imprisonment in the county jail not exceeding two years, or by fine only, without any imprisonment."

"5. The jury have it in their discretion to acquit the defendant of both an assault with intent to murder and an aggravated assault, and find him guilty of simple assault, and assess his punishment by fine at any sum not exceeding $100; but, if the facts warrant a conviction for either of the higher grades, he should be convicted of such offense as the law and facts proved warrant."

No exception was taken to the charge at the time, nor was any additional charge asked by the defendant. Our supreme court have said, in a number of cases, that in misdemeanors the defendant must except to the action of the court at the time of the trial if he is not satisfied, and, if not excepted to, the action of the court below will not be

Opinion of the court.

revised.    *Mooring* v. *The State*, 42 Texas, 85 ; *O' Connell* v. *The State*, 18 Texas, 343 ; *Jackson* v. *The State*, 25 Texas Supp. 229.

The judgment is affirmed.

*Affirmed.*