## W. H. O'MEALY v. THE STATE.

1. NEW TRIAL—INCOMPETENT JUROR.—Being convicted of theft, the accused applied for a new trial on the ground that one of the petit jurors was not a citizen of the state, supporting the application by his counsel's affidavit that at the time of the trial the non-citizenship of the juror was unknown to accused and his counsel. *Held*, that it was not error to overrule the application; the juror's non-citizenship is not oné of the statutory grounds for new trial in felony cases; and the showing was defective in failing to make it apparent that the accused had been prejudiced by the non-citizenship of the juror, and also in failing to show that the ignorance of accused and his counsel of the non-citizenship of the juror was not attributable to their want of diligence.

2. CHARGE OF THE COURT.—Though, on his trial for theft, the accused neither excepted to the charge given to the jury nor asked further instructions, yet, as it is apparent to this court that the district judge failed to distinctly set forth to the jury the law applicable to the case, and that a portion of his charge was without evidence to support it, and that the entire charge may well have confused and misled the jury, it is *held* that the judgment be reversed and the cause remanded.

APPEAL from the District Court of Bexar. Tried below before the Hon. JAMES A. WARE.

The indictment and conviction were for the theft of a gelding.

*Ogden & Ogden*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

WINKLER, J.   The judgment of the district court in this case will not be reversed on the ground that the defendant's application for continuance was refused, for two reasons: 1st. The affidavit shows no diligence, nor excuse for not using diligence, in order to secure the attendance of the absent witnesses; and, 2d, because it is not shown by the record that the ruling of the court on the application for continuance was excepted to, and a bill of exceptions taken at the time the ruling was made, on the trial in the district court.

Nor will the judgment be reversed on the alleged ground that it was discovered, after the trial, that one of the jurors who sat upon the trial was not a citizen of the state, and on that account alleged to be not a competent juror.   This would not have entitled the defendant to a new trial in the court below, because it is not one of the grounds set out in the statute (Art. 672, Code Cr. Pro.; Pasc. Dig., Art. 3137), and because it is not made to appear that any prejudice or injury was done to the accused on account of the non-citizenship of the juror, nor that the omission did not result from a want of diligence.   *Roseborough* v. *The State*, 43 Texas, 574.

But we have been unable to reconcile the charge given to the jury on the trial of this case with the plain requirements of the Code of Criminal Procedure, Article 594, which makes it the duty of the judge to distinctly set forth the law of the case, and, in a case of felony, whether asked or not.   Pasc. Dig., Art. 3059.   That portion of the charge, marked in the record 2, commencing with these words,

" the possession of property," and that portion marked 3, commencing with the words, " you are further instructed," appear to us to be irreconcilable with the statutory requirements of the judge to distinctly set forth the law of the case, whether taken separately or in connection with the preceding and succeeding portions of the charge ; and whilst the general rule is that objections to charges, either given or refused, will not be noticed on appeal unless the exception be saved by bill of exceptions taken on the trial in the district court, yet our supreme court have not held this rule to be without exception. *Higginbotham* v. *The State*, 23 Texas, 574 ; *Sutton* v. *The State*, 41 Texas, 513.

In the latter case, Devine, Associate J., delivering the opinion of the court, says : " While we are not satisfied that there was error in the charge, it is deemed proper to remark that the jurors should have, in criminal cases, their minds directed to the principal questions in the case, and should have the law applicable to the case given them, and none other. That law, it is believed, is neither difficult to discover nor apply when the evidence is kept in mind. * * * In cases of felony we are not restricted to the assignment of errors. If satisfied, from an examination of the record, that the accused has not been convicted according to law, the judgment must be set aside, when the error is of such character that it cannot be considered as waived or cured by judgment, although * * * neither exception, motion, or assignment of errors is presented on behalf of appellant." See, also, *Bishop* v. *The State*, 43 Texas, 390, and *Trammell* v. *The State*, decided by this court at the present term, *ante* p. 121.

The first portion of the charge above referred to, as we find it in the record, is not believed to be a plain statement of the law applicable to the evidence as it appears in the statement of facts ; the latter portion is believed to be without evidence to support it ; and, further, we are of

opinion these charges may have confused and misled the jury. We are of opinion there was error in the charge of the court. For this error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*