### HENRY FOSTER v. THE STATE.

1. PRACTICE IN MISDEMEANORS.—In trials for misdemeanors the accused. must reserve exceptions to the action of the court below during the trial, and must ask such instructions as he desires; otherwise, this court will not consider errors assigned on the rulings or instructions of the court below.

2. THEFT—CHARGE TO JURIES.—The practice of judges of instructing juries,. in cases of theft, that the possession of property recently stolen raises a presumption of guilt, is disapproved by this court. It is a charge on the. weight of evidence, and as such is prohibited by our Code.

APPEAL from the County Court of Wood. Tried below. before the Hon. W. J. JONES.

The offense of which appellant was convicted was the· theft of a pair of drawers, worth $1.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the· State.

WHITE, J.   In this case, on the trial below, the defend--

ant neither excepted to the charge of the court nor asked additional instructions, and he has not filed an assignment of errors. "Our supreme court have said in a number of cases that in misdemeanors the defendant must except to the action of the court at the time of the trial, if he is not satisfied, and, if not excepted to, the action of the court below will not be revised." *Browning* v. *The State*, decided by this court at the Austin term, 1876, *ante* p. 96, citing *Mooring* v. *The State*, 42 Texas, 85 ; *O'Connell* v. *The State*, 18 Texas, 343 ; *Jackson* v. *The State*, 25 Texas (Supp.), 228.

For the above reasons we will not revise any errors, if such there be, in the record. We will, however, take this occasion to call attention to the case of *Gus. Parish* v. *The State*, decided by the supreme court at Galveston, 3d March, 1876, wherein the court reiterates its disapprobation of the practice of judges instructing juries, in cases of theft, that the possession of property recently stolen raises a presumption of guilt. Roberts, C. J., in that case says such a charge may be expected to be given when the judge is allowed to sum up the evidence, and to give to the jury his opinion as to the weight of it, from which practice it is found, in elementary writers and in judicial opinions, to be laid down as a *prima facie* presumption of guilt. Our Code not only excuses the judge from the performance of this duty, but expressly and pointedly forbids the exercise of it." Pasc. Dig., Arts. 3059, 3060.

The judgment of the lower court is affirmed.
*Affirmed.*