A. CHAMBERLAIN *v.* THE STATE.

1. ASSAULT—EVIDENCE.—In a quarrel between the defendant and S., the latter picked up a board, and defendant presented a pistol at him, saying, "If you strike me with that board I will shoot you," whereupon S. vilified defendant, who replied that he would not shoot him for that, but would, if he struck him with the board. *Held*, that the true inquiry raised by this evidence was whether, at the time the defendant presented his pistol, there was a present purpose on his part to inflict injury, or did he present it merely for his own defense; and *held, further,* that the evidence does not suffice to prove an aggressive purpose on the part of the defendant.

2. VERBAL CHARGE.—By consent, but not otherwise, a verbal charge to the jury may be given in a misdemeanor case.

3. CHARGE AT REQUEST OF THE JURY.—The judge may, when requested by the jury, give them further instructions touching the law given them in charge, but, unless by consent, in a misdemeanor case he must do so in writing, and only upon the point indicated by the jury.

APPEAL from the County Court of Navarro.    Tried below before the Hon. S. R. FROST, County Judge.

The evidence for the state is disclosed in the opinion.  A witness for the defense differed somewhat from the prosecuting witness, and testified that the defendant commenced

drawing his pistol instantly after the board was seized by the prosecuting witness.

*Simkins & Simkins*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Ector, P. J.   The defendant was tried for an aggravated assault on A. C. Sloan, by pointing a loaded pistol at him, the same being a deadly weapon, with the intent to shoot and thereby to inflict serious bodily injury.   He was convicted of simple assault, and fined $20.   He filed a motion for a new trial, and one in arrest of judgment, which were overruled, and the case is before us on appeal.

A brief reference to the testimony, as we gather it from the record, will facilitate an understanding of the difficulty between Dr. Chamberlain, the defendant, and Dr. Sloan, the party on whom the assault is charged to have been committed.   One Dr. Meredith and Dr. Chamberlain were practicing physicians and partners in the town of Spring Hill, in Navarro county.   Dr. Meredith, concluding to move from Spring Hill, sold his house and business to Dr. Sloan.   Dr. Chamberlain remained, and continued to practice medicine there.   Dr. Sloan insisted that Dr. Chamberlain, under the contract, ought to leave the vicinity ; Chamberlain insisting, on the other hand, that he was under no obligation to do so ; that he had not agreed to go.   This, Dr. Sloan denied.   Thus the dispute began, which led to mutual recrimination and hard feelings between them.   On the way to see a patient, Dr. Chamberlain rode up to the front of Dr. Sloan's office, which fronted immediately on the public road, as shown from the record, and the following conversation ensued

*Dr. C.*  " The party I have chosen to arbitrate the difference between us will be ready."

*Dr. S.* "I have nothing to arbitrate. There is no issue between us, and I do not propose to make an ass of myself for the amusement of the public."

*Dr. C.* "You are disposed to shirk the issue."

*Dr. S.* "You tell an untruth, sir."

*Dr. C.* "You will tell a lie quicker than I will."

Dr. Sloan then sprang to his feet and told Chamberlain to get off of his land.

Dr. Chamberlain replied, "I will," at the same time spurring his horse forward into the road.

Sloan then sprang from his gallery, and seized a piece of board as Chamberlain's horse wheeled off a few feet. Chamberlain then turned his horse and presented his pistol at Sloan, saying, "Doctor, if you strike me with that board I will shoot you." Sloan says he dropped the board before the pistol was presented; that after the pistol was presented he advanced upon defendant, called him a liar, scoundrel, coward, and dared him to shoot; that Chamberlain told him he "would not shoot him for that, but that if he (Sloan) struck him with the board he would shoot him."

As loath as we are to disturb a verdict of the jury, we cannot give our sanction to the judgment in this case, which is, we think, without evidence to support it. In the case at bar, the true inquiry for the jury was whether or not, at the time Dr. Chamberlain presented his pistol at Dr. Sloan, there was a present purpose on the part of Chamberlain of doing harm, or did he merely present it to defend himself?

Judge Bell, in the case of *Bell* v. *The State*, 29 Texas, 494, to illustrate his views in a somewhat similar case, says: "If A and B quarrel, and B makes as if he would draw a weapon, and A draws first, and says, 'If you draw a weapon on me I will kill you,' this is not an assault on the part of A, provided he do nothing further showing an intention to harm or insult B. On the other hand, if A and B have words together, and, without any act on the part of B which

signifies an intention to draw a weapon, or to do any harm to A, A should draw a weapon in an insulting manner, and say to B, 'If you attempt to draw a weapon on me I will kill you,' this would amount to an assault on the part of A, because the circumstances do not warrant any such violence." See, also, the case of *Rainbolt* v. *The State*, 34 Texas, 287.

And, again, the counsel for the defendant insist that the court erred in giving certain verbal instructions to the jury on the points embraced in the special instructions asked by defendant.

The court, as appears from the defendant's bill of exceptions, gave certain instructions that were asked by defendant's counsel, which were taken by the jury, with the main charge, on their retirement. Some time after the jury had retired they returned into the court-room and announced to the court that they had lost the special instructions asked by defendant's counsel; when the court, in the absence of the defendant, proceeded to instruct the jury verbally on the points embraced in the lost charge. To this the defendant's counsel took a bill of exceptions.

A verbal charge can be given by consent, only in a case of misdemeanor. When a jury returns into open court after having retired, and ask further instructions touching any matter of law which has been given them in charge, the judge may further instruct them, but he shall *charge them in writing*, and only upon the point on which it is asked.

We think that this proceeding of the court, in verbally instructing the jury, was contrary to the Code and unauthorized by law. See Art. 614, Code Cr. Proc. The objection to the information was not well taken.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*