## Z. T. CATO *v.* THE STATE.

AGGRAVATED ASSAULT. — See evidence held sufficient to sustain a conviction for aggravated assault with a pistol, though the accused did not shoot, and was not prevented from shooting.

APPEAL from the County Court of Lamar.    Tried below before the Hon. S. C. BRYSON, County Judge.

The evidence is detailed in the opinion of this court.

*Hale & Scott*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.    In this case, counsel for appellant admits that the only question to be determined on this appeal is as to the sufficiency of the evidence to support the verdict. There is but little or no material difference in the statement of the several witnesses, who testified both for and against defendant, with regard to the origin and principal details of the difficulty.

The substance of the case may be stated concisely thus : On the morning preceding the difficulty, this appellant told one P. Scruggs that he had seen C. E. Ladd, the party alleged to have been assaulted, dogging his (Scruggs') hogs. That evening P. Scruggs and his brother William, and Cato, the defendant, went over to Mrs. Robinson's to see Ladd about it.    They rode up and called Ladd out to the fence, and asked him why he had dogged the hogs.    He denied it.    Scruggs told him Cato had seen him dog the hogs that morning.    Ladd said whoever said so lied, or was a d—d liar ; whereupon Cato commenced to dismount from his horse, and Ladd climbed over the fence, as he says, " to show them they could not run over him."    All

the parties were indulging in profane and abusive language towards each other.    After Ladd got over the fence he advanced towards defendant, and as soon as defendant had dismounted he advanced upon Ladd.    As he advanced, defendant drew a pistol from his boot-leg, cocked and presented it at Ladd, who was some fifteen steps off, and told him to stop, and Ladd stopped.    He then told him to "take it back or he would uncap him."    Some of the witnesses say he told him "to take it back or he would shoot his d—d brains out."    Most of the witnesses say that Ladd had stopped before defendant drew his pistol and presented it.    The principal witness for defendant says : "He [defendant] held his pistol pointed in the direction of Ladd several minutes, and then took it down, after Ladd said he had been dogging some hogs that morning, saying, at the same time, 'That is what I wanted you to acknowledge.'"

It is contended by appellant's counsel that these facts do not sustain the verdict of the jury in finding the defendant guilty of an aggravated assault.    We think the correct rule by which to determine the question is the one laid down by our Supreme Court in *Higginbotham* v. *The State*.    In that case our present learned chief justice said :    "The law has not established, as a criterion in determining an attempt [to commit a battery], that the gun must be presented, or the lock pulled back, or triggers of a rifle sprung, or any other stage in the series of acts that may be performed in committing an assault.    It is sufficient that there be an act done indicating an intention to commit a battery, immediately coupled with the ability to do it.    This, of course, must not be an act of preparation for some attack in an intended difficulty not then pending in fact."    23 Texas, 574 ; *Johnson* v. *The State*, 43 Texas, 576.

The drawing and presenting a cocked pistol at Ladd by defendant, accompanied by the language " to take it back or he would uncap him," " or blow his d—d brains out," were,

as was said by our Supreme Court in *Bell* v. *The State,* "in part execution of a purpose of violence, and clearly an assault." 29 Texas, 494. The court further say, in Bell's case: "In all such cases the true inquiry for the jury is whether, at the time the acts in question were done, there was a present purpose of doing harm. If there was such a purpose, then the acts amount to an assault. If there was not such present purpose to do harm, then the acts do not amount to an assault;" citing *The State* v. *Morgan,* 3 Ired. 186.

We are of opinion that the evidence in this case supports the verdict, and the judgment is, therefore, affirmed.

*Affirmed.*