## SAM JONES v. THE STATE.

1. CHARGE OF THE COURT. — In a trial for wilful burning, the court below charged the jury as follows: "The jury cannot convict the defendant unless convinced that the cotton-house burned was the property of Solomon Dunn, and that it was wilfully burned by the defendant. But, if the house burned (if any was burned) was, at the time it was burned, in the possession and control of the defendant, and was built by him to store his cotton in, and that at the time of the burning his cotton was stored therein, then you are instructed that it would be his house in a legal sense." *Held,* not a charge on the weight of evidence, nor calculated to mislead.

2. PRACTICE IN THIS COURT. — The statement of facts is limited to so much of the evidence as relates to the ownership of the burned structure, and concludes with an agreement of counsel that "the other facts proven were sufficient to sustain the verdict." Nothing in it, or elsewhere in the record, indicates any controversy at the trial about the structure being a *house,* in a legal sense, but the motion for a new trial. *Held,* that in this state of case it will be presumed, on appeal, that the evidence at the trial established the fact that the structure was a house.

APPEAL from the District Court of Harrison. Tried below before the Hon. A. J. BOOTY.

The opinion states the case. The verdict gave the appellant four years in the penitentiary.

*A. A. Richards,* for the appellant.

*George McCormick,* Assistant Attorney-General, and *W. B. Dunham,* for the State.

WINKLER, J. The appellant was tried and convicted on the charge of wilfully burning the cotton-house of Solomon Dunn, with 6,000 pounds of cotton therein, charged to have been committed in Harrison County, December 20, 1875.

The main grounds relied on for the reversal of the judgment are, first, that the charge of the court is defective and insufficient, in that it does not give to the jury the statutory definition of a house; and, second, that the

charge as given was upon the weight of evidence, and calculated to mislead the jury, to the prejudice of the accused.

The statement of facts purports to set out the testimony of the witnesses upon one point only, to wit, "whether it was, or not, proved that the structure burned was a *house*, in a legal sense," — it being agreed that the other facts proved were sufficient to sustain the verdict.

The charge complained of as being defective is as follows : "If you believe from the evidence that, in the county of Harrison, and State of Texas, at any time within three years before the 18th day of February, 1876, the defendant, Samuel Jones, did wilfully burn the cotton-house of Solomon Dunn, you will find the defendant guilty ; otherwise, you will find him not guilty."

The charge claimed to be upon the weight of evidence, and calculated to mislead the jury, is as follows : "You are instructed that you cannot convict the defendant unless you are convinced by the evidence that the cotton-house burned was the property of Solomon Dunn, and that it was wilfully burned by the defendant. But if the house burned (if any was burned) was, at the time it was burned, in the possession and control of the defendant, and was built by him for the purpose of taking care of his cotton, and that at the time it was burned his cotton was stored therein, then you are instructed that it would be his house, in a legal sense." In a subsequent portion of the charge the jury were given this instruction : "By the words 'wilful burning' is meant intentional burning ; a burning other than one that was wilful or intentional would not warrant the conviction of the defendant."

We may as well note, in this connection, that the jury were fully and properly instructed on the subject of circumstantial evidence, and the conclusiveness of this character of testimony in order to warrant a conviction upon it, substantially as laid down in the celebrated case of *The Com-*

*monwealth* v. *Webster*, 5 Cush. 295, and followed by this court in *Hampton* v. *The State*, 1 Texas Ct. App. 652; and also on the presumption of innocence and reasonable doubt. It should be noticed, further, that the charge, as given, was not excepted to at the trial, and that no additional instructions were asked.

The entire evidence on the controverted propositions, as set out in the statement of facts, is the following:

Solomon Dunn testified that he bought the planks that made the floors of the house; that he bought the boards that covered the roof; that he cut the logs that went into the house off of Brazeal's land; that he bought the nails.

Margaret Dunn, his wife, testified that she knew there was cotton in the house at the time, because she saw it from her dwelling, the previous day; that her dwelling was 300 yards distant; that when she discovered the fire she went near enough to see that the cotton was burning, about a yard square.

We fail to discover from this evidence, or from the record anywhere, that any question was raised as to whether the structure burned was a house or not, or that it was any part of the theory of the defence that it was not in fact a house. The testimony tends to show that it became important to establish by proof the averment in the indictment that the house belonged to Solomon Dunn, and to this proposition the evidence applies. But there is not in the whole record anything from which even an inference can be drawn that, during the trial before the jury, there was any intimation that the structure was not a house. The first intimation in point of time is in the motion for a new trial, when, after the defendant had been convicted, it was claimed that " the State did not prove that the structure burned had walls." The question naturally suggests itself, if there was any importance attached to the subject, — if any question was made about it, — why is it that there is no mention

made or notice taken of it until after the verdict of guilty was returned?

We are aware that when one is on trial for a felony, it is the duty of the judge who presides at the trial to deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case, and to state plainly the law of the case as made by the evidence adduced under the pleadings, and that he should instruct the jury as to the law applicable to every reasonable deduction to be drawn from the evidence. Still, when he shall have thus plainly charged the law, we know of no law or rule which requires any more at his hands. Code Cr. Proc., arts. 524, 525 ; *Gibbs* v. *The State,* 1 Texas Ct. App. 12 ; *Priesmuth* v. *The State,* 1 Texas Ct. App. 480 ; *Bronson* v. *The State,* 2 Texas Ct. App. 46, citing *Bishop* v. *The State,* 43 Texas, 390 ; *Jackson* v. *The State,* 25 Texas Supp. 229.

We find nothing in the evidence, as set out, which required of the judge any further definition of the crime than set out in the charge ; nor, when considered in connection with the evidence, do we discover that it was a charge upon the weight of evidence, or that the charge assumed as true any matter not proved ; nor that it could have misled the jury in their finding upon the testimony.

The case before us, though dissimilar as to the facts, is in principle not unlike the case of *Tracy* v. *The State,* 44 Texas, 9, where the late Chief Justice Roberts, in delivering the opinion of the court, after reciting the facts, said : " When there is thus, in open court, a patent recognition by all the parties concerned in the trial of the existence of necessary facts, they may well be presumed to exist, unless the party interested in their non-existence should avail himself of the opportunity at the proper time to institute a more minute and searching investigation of the subject, for the purpose of rebutting the obvious appearances and assumptions."

It was said in that case, following the extract above :

" Having failed in this, the defendant has no right to complain that the court and jury took for granted the evidence adduced, both affirmative, negative, and inferential, the existence of the facts fully, which established that he was an adult male and she a female."

So we hold in the present case, and especially in the absence of any question as to the facts in evidence during the trial before the jury, that the evidence adduced, both *affirmative, negative, and inferential,* fully established the fact that the edifice burned was a house, within the meaning of the law, and that the court did not err on this account in refusing the defendant a new trial.

The appellant has deprived himself of the benefit of other questions raised on the motion for a new trial, and particularly that portion relating to newly discovered evidence, by having, so far as the evidence is concerned, made a reversal of the judgment depend upon the propositions already considered.

We find no material objection to the judgment. The accused has been fairly tried and legally convicted, and the judgment must be affirmed.

*Affirmed.*