### DE WITT YOUNG v. THE STATE.

AGGRAVATED ASSAULT — FACT CASE. — Note a state of proof held insufficient to sustain a conviction of aggravated assault with a gun, the acts of the accused being deemed indicative of preparation merely, rather than of an attempt or purpose to inflict immediate injury or violence.

APPEAL from the County Court of Henderson. Tried below before the Hon. W. L. FAULK, County Judge.

A clear and compendious statement of the material evidence is given in the opinion of the court.

*Robertson & Finley*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. Properly considered, we are of opinion that the only material question involved in this case is the suffi-

ciency of the evidence to sustain the judgment of conviction. The information charged defendant with, and he was found guilty of, an aggravated assault, alleged to have been committed with a gun, — a deadly weapon.

Without attempting to detail the statements of the several witnesses, we will give in substance the main facts as testified to by the assaulted party and by the principal witness for the defence, the latter having been jointly charged in the information with appellant in the commission of the offence, but who, before this trial took place, had been tried and acquitted.

It appears that Green Wright, the assaulted party, had heard that the defendant, De Witt Young, had been dogging his hogs, and he went to the field of the latter to see him about it. When they met, Young was on horseback inside the field, and Wright remained on the outside, the fence being between them. A wordy altercation ensued, during which Gus Griffin, who had been hunting, came up with a gun in his hands. About this time, defendant cursed Wright (who had one hand in his coat pocket, and kept it there during the difficulty), and Wright pushed defendant with his fist. Defendant attempted to get hold of Griffin's gun; but failing, went off hurriedly, saying, " You stay here till I come back, and d—n you, I will move you." Wright and Griffin then separated, Wright saying he was going to town to report Young. Griffin started on towards Edy Dixey's house, and before reaching there was overtaken by defendant, Young, who had a rifle and bag of corn. Griffin told him that Wright was going to town to report him.

Shortly after, the parties were sitting on the gallery of Edy Dixey's house, talking about the difficulty, when Wright was seen coming up the road on horseback, on his way to town. Defendant said, " There comes the d—d rascal now ; " and got off the gallery and went towards the fence where Wright would have to pass, and to within five or ten steps of him, the fence being between them ; when he said,

according to Wright's evidence, " Now, G—d d—n you, I am ready to fight you." As he said this he was advancing with the gun in his hands, " one hand on the barrel and the other back about where the lock and triggers were." He said, " You report me, G—d d—n you ; you had better be baptized before you report me. If you report me you will never report another man."  \*  \*  \*   " He-held his gun in both hands, the muzzle being in front and inclined rather downward. It was a rifle gun. I don't know whether it was cocked or not. The defendant did not point the gun at me, in a shooting position. There was nothing in the way between defendant and me, to prevent him from shooting me. No person prevented him from shooting me, or in any way interfered with him."

The witness Griffin says : " Defendant had his gun in his right hand ; he did not point the gun at Green [Wright]. It was not cocked. Defendant then told Green, ' Now, d—n you, I am ready to fight you any way ; you haven't got your hand on that d—d derringer now.'  \*  \*  \*   He was close enough to shoot ; nothing was between them."

Wright says he did not halt, but went on, telling the defendant not to shoot him with the gun.

In *Johnson* v. *The State*, 43 Texas, 576, where the facts with regard to the extent to which defendant's gun was used are similar to those stated above, the court say : " The evidence is entirely deficient in showing any distinct act on the part of the defendant indicating an effort then to shoot William Ross, or otherwise use the gun which he held in his hands in such manner as to inflict violence upon his person. In every assault there must be an intent to injure, coupled with an act which must at least be the beginning of the attempt to injure then, and not an act of preparation for some contemplated injury that may afterwards be inflicted. *Higginbotham* v. *The State*, 23 Texas, 574.

This case is different from the case of *Cato* v. *The State*, 4 Texas Ct. App. 87, where the defendant cocked and actu-

ally presented his pistol at the assaulted party. In that case the court say: "The drawing and presenting a cocked pistol at Ladd by defendant, accompanied by the language, ' take it back or he would uncap him or blow his d—d brains out,' were, as was said by our Supreme Court in *Bell* v. *The State*, ' in part execution of a purpose of violence, and clearly an assault.' " 29 Texas, 494.

The evidence is insufficient to support the verdict and judgment, which should have been set aside by the court and a new trial awarded. Because the evidence is insufficient, the judgment is reversed and cause remanded.

*Reversed and remanded.*