[No. 1905.]

### G. W. LOYD *v.* THE STATE.

1. WILFUL OBSTRUCTION OF A PUBLIC ROAD — CHARGE OF THE COURT.— When the criminal nature of the act denounced by statute depends upon the fact that it was "wilfully" done, it is incumbent upon the trial court to embrace in its charge to the jury a correct definition of the term "wilful."

2. Same — Definition of a Term.— The legal meaning of the word "wilful" is "with evil intent or legal malice, or without legal ground to believe the act to be lawful." See the opinion *in extenso* for a charge of the court *held* to respond substantially to the correct definition of the term "wilful," though not as explicit as a special charge which was refused.

3. Same.— Practice in Misdemeanor Cases requires that a defendant dissatisfied with a charge of the court shall both except to the charge when given and ask such additional charges as he may desire. Unless this be done in the trial court, the charge will not be revised on appeal except for radical error.

Appeal from the County Court of Kaufman. Tried below before the Hon. J. E. Dillard, County Judge.

The conviction was for wilfully obstructing a public road known as the Elmo and Hunt county line road, in Hunt county, Texas, on the 1st day of January, 1884. The penalty imposed was a fine of $5.

*H. P. Teague* filed an able brief and argument for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

White, Presiding Judge. Appellant was convicted of obstructing a public road under article 405, Penal Code. Inasmuch as the statutory offense is made to depend upon the fact that the act was "wilfully" done, it is incumbent upon the court as part of the law of the case to instruct the jury as to the legal meaning of the word *wilful*. (*Thomas* v. *The State*, 14 Texas Ct. App., 200; *Shubert* v. *The State*, 16 Texas Ct. App., 645; *Trice* v. *The State*, 17 Texas Ct. App., 43.) It means with evil intent or legal malice, or without reasonable ground to believe the act to be lawful. (*Id.*) Every man is by law presumed to know that it is unlawful to obstruct a public road, knowing the same to be public.

The charge upon this point was: "The word *wilfully*, as used, means that if any person shall place any obstruction upon or in any public road, of a permanent character, knowing or having good reason to believe the same to be a public road, such act would in law be deemed to have been wilfully done." This instruction was in substantial compliance with the latter definition given above, though not so full and explicit as that contained in defendant's special requested instruction, which might, could, and perhaps should, have been given as more appropriate. As given, the charge was not excepted to, though the counter-charge was asked. In misdemeanor cases the defendant *must* except to the charge of the court at the time, and must ask additional instructions he may desire; and unless he does so in the court below, such charge will not be revised unless

radically wrong. (*Mooring* v. *The State*, 42 Texas, 85; *Goode* v. *The State*, 2 Texas Ct. App., 520; *Heilbron* v. *The State*, id., 538; 3 Texas Ct. App., 33 and 232; 5 Texas Ct. App., 153; id., 422; 7 Texas Ct. App., 117.)

No reversible error appears of record, and the judgment is affirmed.

*Affirmed.*

[Opinion delivered November 11, 1885.]