## [No. 2057.]

## JIM JOHNSON *v.* THE STATE.

1. AFFIDAVIT.— INFORMATION is not vulnerable to objection because based upon an affidavit upon which a former information had been based, and which had been quashed. A good affidavit is not vitiated by a bad information.

2. ASSAULT.— EVIDENCE to the effect that the accused presented a fire-arm in a condition for immediate use, and accompanied the act by cursing and avowing his intention to kill the injured party, shows an execution in part of a purpose of violence, and establishes an assault.

3. SAME — CHARGE OF THE COURT.— See the statement of the case for a state of proof under which it is *held* that the trial court erred in refusing to give a special charge to the effect that if the defendant, at the time of the difficulty, believed that he had a right to the possession of the animal over which he and the prosecutor had the dispute, and that the defendant then and there had the possession of the animal, he would have the right to protect his possession by preventing the prosecutor from taking the said animal from him.

APPEAL from the County Court of Kaufman. Tried below before the Hon. J. E. Dillard, County Judge.

The appellant was convicted of a simple assault, and was fined in the sum of $5, under an information which charged him with an aggravated assault and battery upon C. V. Sanders, in Kaufman county, Texas, on the 20th day of April, 1885.

The opinion states succinctly the testimony of the prosecutor Sanders, which comprises all of the important evidence for the State.

Lee Clark testified, for the defense, that he was present and heard and saw all that occurred between the defendant and Sanders at the time of the difficulty. Sanders came to where the horse was hitched, claimed it as his property, and said that he was going to take it. Defendant replied that the horse was his, and that Sanders should not take it. Sanders untied the horse and started off with him. Defendant ran into a house, got a gun, stepped back into the road, and stopped Sanders from going off with the horse. He remarked that he would die and be d—d if Sanders should take the horse. Defendant did not cock his gun and cover Sanders with it, but held the weapon with the barrel towards Sanders, but muzzle pointed upwards. Both parties claimed the horse. Defendant had claimed him before this difficulty. When defendant stopped him, Sanders hitched the horse at the place he found him, saying that he would have the title settled in court. On or about March 10, 1885,

witness heard Sanders say that he had traded the horse to the defendant. Henry McNeal was present and heard Sanders make the statement. Defendant claimed and used the horse all of the spring before the difficulty. He several times left Sanders's house with the horse, remaining away as long as a week. The witness never heard of the conditional sale of the horse to defendant until after this difficulty.

Henry McNeal testified, for the defense, that for some time before, and up to the moment of, the difficulty the defendant had possession of the horse, claimed him as his property, and exercised over him all of the apparent rights of ownership. Witness heard Sanders, on or about the 10th day of March, 1885, say that he had traded the horse to defendant.

The State, in rebuttal, proved by a witness that the defendant, a few days before the difficulty, said that he was to work for Sanders four months for the horse and $10.

The motion for new trial raised the question discussed in the opinion.

*J. S. Woods,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

White, Presiding Judge. A previous information based upon this same complaint had been quashed, and it is here contended that the quashal of the information rendered the complaint *functus officio,* and that a new information could not be predicated upon it. It is well settled otherwise, the rule being that an information is not exceptionable because based upon an affidavit which had served the same purpose in respect of a previous information which had been dismissed. The insufficiency of an information would not necessarily vitiate the affidavit on which it was based. (*Goode* v. *The State,* 2 Texas Ct. App., 520; *Boyd* v. *The State,* 11 Texas Ct. App., 80; *Pittman* v. *The State,* 14 Texas Ct. App., 576.)

This conviction was for a simple assault. It appears that appellant had contracted with Sanders, the prosecutor, to work for him until his crop was laid by. Sanders was to pay him by letting him have a certain horse. Appellant used the horse during the time he worked for Sanders whenever he desired to do so, claiming him as his own. Appellant worked something over two months, and then left, taking the horse with him. Sanders found the horse at Trinidad Ferry, and defendant was there also. He took the horse and

started off with him, when defendant ran in ahead of him, to the road in front of him, and, presenting a double-barreled shot-gun, cocked, at him, said he would die before Sanders should take the horse, and cursed, and swore he would kill Sanders if he attempted to take the horse away. Upon which Sanders said he did not wish any fuss and hitched the horse back where he had taken him from.

Under decisions of the supreme court, and of this court, the presenting of the gun, cocked, at Sanders, accompanied by the language used, was in part execution of a purpose of violence, and clearly an assault. (*Bell* v. *The State*, 29 Texas, 494; *Cato* v. *The State*, 4 Texas Ct. App., 87; *Young* v. *The State*, 7 Texas Ct. App., 75; *Johnson* v. *The State*, 7 Texas Ct. App., 210.)

There were other facts in the case which tended to show that defendant believed he had the right to the possession of the horse when he took him, and Sanders had paid him nothing for his two months' labor. Under these facts we think defendant was entitled to his special requested instruction which the court refused, and which was as follows, viz.: "If the defendant believed at the time of the difficulty that he had a right to the possession of the horse over which he and Sanders had the dispute; and that defendant then and there had possession of said horse, then the defendant would have the right to protect his possession by preventing Sanders from taking said horse from him." Because the court refused to give this instruction, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

[Opinion delivered December 9, 1885.]